202 So.2d 330 (1967)
Chris TERASSE
v.
WISCONSIN FEEDER PIG MARKETING COOP. and Wisconsin Dairy Herd Replacement Livestock Marketing Coop.
No. 7097.
Court of Appeal of Louisiana, First Circuit.
June 30, 1967.
Rehearing Denied September 27, 1967.
*331 William A. LePore, Hammond, and Lyn B. Ponder, Jr. of Ponder & Ponder, Amite, for appellant.
Edwin C. Schilling, Jr. of Schilling & Simpson, Amite, for appellees.
Before LOTTINGER, REID and SARTAIN, JJ.
LOTTINGER, Judge.
This is an action entitled in tort brought against two foreign corporations, organized under the laws of Wisconsin, and domiciled therein. The defendants are not authorized to do business in the State of Louisiana, and they have not appointed an agent for service of process in this state. The defendants filed an exception to the jurisdiction rationa personae based on the ground that it was a foreign corporation not engaged in Louisiana business. The Trial Judge sustained the defendant's exception and dismissed plaintiff's suit. Plaintiff-appellant then perfected this appeal.
On the trial of the exception, the plaintiff was the only witness who testified. Plaintiff alleges that because he is in the dairy business, he was interested in purchasing additional dairy cows. With this in mind, he contacted Mr. F. M. Shall, a resident of Tangipahoa Parish, with the intent and purpose of purchasing some cows from Mr. Shall. When the plaintiff contacted Mr. Shall, Mr. Shall had a price list for cows which he had received from the defendant. From this list, plaintiff ordered several cows at the price as marked on the list. This sale to plaintiff was the first that Mr. Shall had made for the defendants. Upon agreeing on the number of cows and the price, the plaintiff paid Mr. Shall 10% down. Upon delivery of the cows to plaintiff at his barn, the plaintiff paid the balance of 90% of the purchase price to the driver of the delivery truck. The cows were delivered in a truck which had the name of the defendant marked on the door. As we appreciate the testimony, and the evidence as presented on the trial of this exception, this truck bore Wisconsin license plates, and had been issued a Wisconsin Public Service Commission license. Plaintiff did not show any relationship between defendant and Mr. Shall, other than that Shall was a Commission salesman, making only one sale.
The question then presented is whether the defendants were engaged in a business activity sufficient enough to make them subject to the jurisdiction of a Louisiana Court.
LSA-R.S. 13:3471, as amended by Acts 1960, No. 32, Section (1), provides as follows, to-wit:
"The following rules supplement those governing the service of citation and other legal process in a civil action or proceeding contained in the Code of Civil Procedure:
(1) If the foreign corporation is not one required by law to appoint an agent for the service of process, but has engaged in a business activity in this state, service of process in an action or proceeding on a cause of action resulting from such business activity in this state, or for any taxes due or other obligations arising therefrom, may be made on any employee or agent of the corporation of suitable age and discretion found in the state. If such employees or agents are no longer in the state, or cannot be found after diligent effort, the officer charged with the duty of making the service shall make his return to the court, stating the efforts made by him to secure service and the reason why he was unable to do so. Thereupon the court shall order that service shall be made on the secretary of state, or on some other individual in his office whom the secretary of state may designate to receive service of process. The secretary of state shall ascertain the domiciliary post office address of the corporation, and shall send the original papers served to the corporation by registered mail, with return receipt requested. The secretary of state shall retain in his office true copies of these papers, on *332 which he shall note the date, the manner and other particulars of the service, and of the disposition made of the original papers." (Emphasis added)
Prior to the 1960 amendment this section of LSA-R.S. 13:3471 was in essence the same as Section (5) (d) except that the statute read "has engaged in business activities" instead of has "engaged in a business activity".
The explanatory note to this statute points out the liberality which the legislature intended by its amendment in 1960. The late Henry G. McMahon, Boyd Professor of Law, Louisiana State University Law School, authored the explanatory note which states:
"Portions of the former LSA-R.S. 13:3471 are replaced by Arts. 42, 1203, 1231-1234, 1261-1265, 1291, 1292, 1314, 2412, LSA-Code of Civil Procedure.
This section was amended on the recommendation of the Louisiana State Law Institute to retain the statutory rules supplementing the provisions of Arts. 1201-1314, LSA-Code of Civil Procedure, on Citation and Service of Process. The last six subsections of this amended section are merely an editorial revision and rearrangement of former subsections which were not transferred to LSA-Code of Civil Procedure, but which were needed sufficiently to warrant retention.
The first subsection of this amended section makes two important changes in the procedural law. First, it permits the courts of Louisiana, under Art. 6(1), LSA-Code of Civil Procedure, to exercise the full potential of jurisdiction in personam over foreign corporations allowed by recent decisions of the United States Supreme Court, and particularly by International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057, and McGee v. International Life Insurance Co., 1957, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223. This amended section provides the method of service on a foreign corporation which is doing or has done some business in this state, interstate in character or otherwise, but which is not doing or has not done sufficient intrastate business to require a license to do business here, and the appointment of an agent for the service of process. Cf. Arts. 1261, 1262, LSA-Code of Civil Procedure. Second, this amended subsection drops the prior requirement that the business activity in this state by done by the corporation's agents or employees in Louisiana, and thus overrules legislatively Johnson v. El Dorado Creosoting Co., [La.]App., 1954, 71 So.2d 613."
We must therefore conclude then, that the legislature must have by its amendment of this statute intended to grant to the courts of this state the broadest possible area of jurisdiction over foreign corporations. Even though the legislature of this state intended such, jurisdiction cannot be found unless we can find that all requirements of "Due Process" have been fulfilled.
In McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), a case wherein a California resident purchased a life insurance policy from an Arizona corporation, which policy was subsequently taken over by the defendant, a Texas corporation, the only contact with the plaintiff or the state of California was through the mails. Even so, the Court held that California had jurisdiction. It was here pointed out that this was probably the only insurance policy which the defendant company had in that state. The Supreme Court concluded that there had been sufficient contact with the forum state to grant jurisdiction. The reasoning of the court can best be determined as stated by the Court as follows:
"It cannot be denied that California has a manifest interest in providing effective means of redress for its residents when their insurers refuse to pay claims. These *333 residents would be at a severe disadvantage if they were forced to follow the insurance company to a distant State in order to hold it legally accountable. When claims were small or moderate individual claimants frequently could not afford the cost of bringing an action in a foreign forumthus in effect making the company judgment proof. Often the crucial witnessesas here on the company's defense of suicidewill be found in the insured's locality. Of course there may be inconvenience to the insurer if it is held amenable to suit in California where it had this contract but certainly nothing which amounts to a denial of due process."
Granted that the McGee case, supra, was dealing with an insurance policy, and even though our own state's jurisdictional rules provide specifically for insurance contracts, LSA-R.S. 22:1253, we do feel that the Court was not limiting itself to insurance contracts alone.
The facts of the instant case show that the plaintiff made contact in this state with an individual who was in some fashion a representative of the defendant corporations, whether he be a salesman, commission agent or broker. The defendant corporations responded to the contact made by plaintiff and shipped the desired number of cows. We feel that it makes no difference whether the transporting vehicle was owned by the defendants or not. It would be a perfect solution for foreign corporations if they could escape jurisdiction by shipping via non-owned vehicles. Even though the transporting vehicle was not owned by the defendants, the plaintiff did testify without contradiction that the name of the defendant was painted on the truck door. The plaintiff further testified that he had paid Mr. Shall 10% of the purchase, and further, had paid the driver of the delivery truck the balance of 90%.
As the United States Supreme Court expressed in McGee v. International Life Insurance Company, supra, the State of Louisiana has a manifest interest in protecting its citizens and of providing them with a means of redress. Furthermore, we feel that it would be more of a disadvantage for the plaintiff to have to go to the domicile of defendant, Wisconsin, rather than bring his suit here since all of the witnesses are located here. We feel that it is not an infringement of the due process clause to find that Louisiana does have jurisdiction over the defendants.
Therefore, for the above and foregoing reasons, judgment of the Trial Court is reversed and this proceeding is remanded. All costs of this appeal to be paid by Appellee.
Judgment reversed and remanded.