333 So.2d 273 (1976)
Joseph L. MAYEUX
v.
Harold HUGHES.
No. 10715.
Court of Appeal of Louisiana, First Circuit.
May 24, 1976.
*274 Ralph D. Hillman, Thibodaux, for appellant.
John F. Pugh, Thibodaux, for appellee.
Before LANDRY, COVINGTON and PONDER, JJ.
COVINGTON, Judge:
This is a suit for damages, and alternatively for a reduction in the purchase price of a residence. The plaintiff, Joseph L. Mayeux, alleges that he purchased a residence in Thibodaux, Lafourche Parish, Louisiana, from the defendant, Harold Hughes, on June 6, 1975, and that soon thereafter the roof of the dwelling seriously leaked due to its deteriorated condition. The plaintiff further alleges that the cost of replacement amounts to the sum of $3,000.00, and that consequently he is damaged in this amount, or should receive this amount as a reduction in the purchase price.
After the sale of the residence, defendant moved to the State of Texas. Thereafter, on September 16, 1975, the plaintiff filed suit in Lafourche Parish and attempted to serve the defendant under the provisions of LSA-R.S. 13:3204, which provides that if a certified copy of the citation and the petition in a suit under LSA-R.S. 13:3201 shall be sent to the defendant by registered mail, it has the same legal force and validity as personal service on the defendant in this state. Subsequently, the defendant filed a declinatory exception based on insufficiency of citation, contending that the Louisiana "Long-Arm Statute", LSA-R.S. 13:3201 et seq. was not applicable to him in this situation. A hearing was held on the exception and the court sustained the exception, holding that the "Long-Arm Statute" is inapplicable to the salient facts.
The matter is on appeal to this court from the judgment sustaining the exception. The plaintiff-appellant contends in this court, as he did below, that subsection (e) of R.S. 13:3201 specifically applies to this situation; and alternatively, that if this specific subsection does not apply then other general provisions of the "Long-Arm Statute" are applicable, namely, subsections (a) and (b).
LSA-R.S. 13:3201 reads, in part, as follows:
"A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's
(a) transacting any business in this state;
(b) contracting to supply services or things in this state; ...
(e) having an interest in, using, or possessing a real right or immovable property in this state."
Defendant's position basically is that the mail-service process of LSA-R.S. 13:3204 is only authorized under the "Long-Arm Statute", and that, since LSA-R.S. 13:3201 does not confer jurisdiction under the circumstances here, such service was unauthorized and does not constitute a valid service of process.
Of course, a proper resolution of the question involved herein requires us to determine *275 jurisdiction of the Louisiana courts, and this determination rests upon the interpretation of the Louisiana "Long-Arm Statute".
The design of the statute is to reap the "fullest benefits" from United States Supreme Court cases relaxing constitutional due process requirements as such pertain to personal jurisdiction in civil suits. The intent of the long-arm statute is to provide the Louisiana resident with maximum protection, in Louisiana courts, from damages occasioned him by acts of a nonresident when the nonresident has "minimal" contacts with this state. See Aucoin v. Hanson, 207 So.2d 834, 836 (La.App. 3rd Cir. 1968). The designed impact of the statute is best expressed by McMahon, Louisiana Legislation of 1964  Personal Jurisdiction over Non-Residents, 25 La.L.Rev. 28, 32 (1965):
"With the adoption of the Personal Jurisdiction over Non-Resident Statute, it is believed that the courts of Louisiana now possess all of the jurisdiction in personam over all types of non-residents permitted by the decisions of the United States Supreme Court."
In the Comments of Louisiana State Law Institute following LSA-R.S. 13:3201, it is stated:
"R.S. 13:3201 through 13:3207 were adopted on the recommendation of the Louisiana State Law Institute to permit the courts of this state to tap the full potential of jurisdiction in personam over nonresidents permitted by International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 (1945); and McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957)."
In addition, in its comments to subsection (e) of LSA-R.S. 13:3201, which provides for personal jurisdiction over nonresidents with regard to causes of action arising out of nonresidents' interests in immovables of this state, the Law Institute explained:
"The words `real right' of Subdivision (e) are not employed in the source provision. It was included in this subdivision to provide the basis of personal jurisdiction over a nonresident on a cause of action arising from the ownership, use, or possession of a `real right' as defined in Article 3664 of the Louisiana Code of Civil Procedure."
These two Comments indicate the broad scope of subsection (e), showing that it embraces "real rights" as well as "immovable property," and that it is intended to encompass all those rights traditionally classified as "real rights," namely, ownership, use, habitation, usufruct, predial servitudes, pledge and real mortgage. See Yiannopoulos, Civil Law of Property, sec. 91, page 266 (1966).
It is, thus, the act enumerated in the statute which, when committed in this state, forms "an independent specifically-affiliating basis" for personal jurisdiction over nonresidents. See Thomas Organ Co. v. Universal Music Co., 261 So.2d 323, 326 (La.App. 1st Cir. 1972).
In the instant case, the defendant-seller had an ownership interest in the Louisiana immovable property. He conveyed his ownership interest to the plaintiff-buyer in Louisiana. The buyer complains of a defect in the immovable property conveyed, bringing what should properly be classified as an action of quanti minoris. See LSA-C.C. arts. 2520, 2541:
The plaintiff's cause of action arises from the nonresident's "having an interest in, using, or possessing a real right or immovable property in this state." The defendant owned a home in Louisiana in which he resided; he sold the home to the plaintiff, another Louisiana resident, and *276 moved to Texas. It later developed that the home had a leaky roof. This state of facts forms the basis for personal jurisdiction over the nonresident defendant herein. The trial court erred in ruling that the nonresident must have a present interest in the immovable property in this state at the time of the suit. Subsection (e) of LSA-R.S. 13:3201 is not subject to such a narrow construction. Moreover, the definition of "nonresident" includes "an individual... domiciled in Louisiana at the time the cause of action arose, but which acquires another domicile prior to suit." LSA-R.S. 13:3206, Comment (c). Under subsection (e), the nonresident's act of selling his Louisiana residence is sufficient to grant the Louisiana courts personal jurisdiction over him. This subsection specifically covers any transaction involving a nonresident's interest in immovable property in this state. The sale of immovables, by a Louisiana act of sale, is one of the prime situations contemplated by subsection (e). Such an act of sale of real estate within this state constitutes a "minimal" contact with this state within the accepted jurisprudential meaning so as to justify personal jurisdiction in our courts over a nonresident seller of such real estate.
Typically, this "minimal" contact can be by some act within the state, such as in Terasse v. Wisconsin Feeder Pig Marketing Coop., 202 So.2d 330, 333 (La.App. 1st Cir. 1967), wherein the Wisconsin defendant had furnished a Louisiana broker a price list for cows, from which the Louisiana plaintiff ordered a number of cows, paying cash for them upon delivery. The court held there were sufficient contacts in Louisiana to justify personal jurisdiction over the nonresident defendant.
In its opinion the court remarked:
"... (T)he State of Louisiana has a manifest interest in protecting its citizens and of providing them with a means of redress. Furthermore, we feel that it would be more of a disadvantage for the plaintiff to have to go to the domicile of defendant, Wisconsin, rather than bring his suit here since all of the witnesses are located here."
This observation by the Terasse court is pertinent here. Certainly, all of the witnesses to the act of sale, to the defective condition of the home, to the reduced value of the home or necessary repairs, and to all other relevant facts are located in this state.
For other cases discussing "sufficient" contacts, see Dodson v. Fontenot, 285 So.2d 328 (La.App. 3rd Cir. 1973), and Aucoin v. Hanson, supra.
Not only was there a "minimum" of contacts in this state so far as the subject matter of this case is concerned, but all of the contacts were made here. The entire transaction took place in this state. The defendant seller became a "nonresident" only after the transaction was completed, by departing the state for the State of Texas. The State of Texas has had no contacts with this transaction. To deny the plaintiff service upon the defendant just because he moved from Louisiana, where the complete transaction forming the basis of this suit took place, would be contrary to the concept of "fair play and substantial justice." See International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Tate, The Work of the Louisiana Appellate Courts for the 1967-1968 TermCivil Procedure, 29 La.L.Rev. 269, 271 (1969); Comment, Personal Jurisdiction over NonresidentsThe Louisiana "Long-Arm" Statute, 40 Tul.L.Rev. 366 (1966); Note, Some Observations on the Louisiana "Long-Arm" Statute, 45 Tul.L.Rev. 1081 (1971).
Where not only "minimal" contacts, but all or substantial contacts, have taken place in this state, as in the situation here the Louisiana courts should be able to protect the interests of its citizens in controversies *277 arising out of acts occurring within its borders. Surely, the State of Louisiana has a greater interest in the subject matter of this suit than does the State of Texas, where the defendant now resides.
We conclude that jurisdiction is conferred by LSA-R.S. 13:3201(e). Since we find subsection (e) applicable, it is unnecessary for us to determine if subsections (a) and (b) are also applicable to this situation.
Under the "Long-Arm Statute", service of process by registered or certified mail, as was done in the instant case, is equivalent to personal service on the defendant in this state; LSA-R.S. 13:3204.
Thus, it is unnecessary that an attorney ad hoc be appointed to represent the nonresident herein and on whom service of process may be made, because LSA-C.C.P. art. 5091 only requires such appointment if the nonresident has not been served personally or through an agent for service of process.
Under the clear wording of LSA-R.S. 13:3204 all that is necessary to constitute personal service of process of a nonresident under the "Long-Arm Statute" is that counsel for the plaintiff send a certified copy of the citation and petition in the suit to the defendant by registered or certified mail (or actually deliver it in person). The record shows that the defendant was properly served in this suit.
Accordingly, we hold that the trial court erred in sustaining the defendant's declinatory exception. The judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings in accordance with law and the views herein expressed. The defendant-appellee, Harold Hughes, is cast for costs of this appeal; all other costs are to await the outcome of this litigation.
REVERSED AND REMANDED.