413 So.2d 271 (1982)
Marguerite Faith Poole Basinger HEINBERG, Plaintiff-Appellant,
v.
Charles Richard POOLE, Defendant-Appellee.
No. 8651.
Court of Appeal of Louisiana, Third Circuit.
April 14, 1982.
*272 Gold, Little, Simon, Weems & Bruser, John F. Simon, Alexandria, for plaintiff-appellant.
Garrett, Ryland & Nunnally, Charles F. Nunnally, III, Alexandria, for defendant-appellee.
Before GUIDRY, CUTRER and STOKER, JJ.
CUTRER, Judge.
Marguerite Poole Heinberg brought suit against her father, Charles Richard Poole, alleging two causes of action. Plaintiff seeks a usufructuary accounting and judgment for an overdue personal debt.
Plaintiff alleges that her mother died in 1975. She was survived by her husband, the defendant, and two children, the plaintiff and a brother. A judgment of possession was signed recognizing defendant's one-half interest in the community property of that marriage and defendant's usufruct over his children's (plaintiff and her brother) share of the community property. Plaintiff alleges that defendant remarried in 1978, thus terminating the usufruct over the property owned by her. Plaintiff filed suit seeking an accounting from defendant as usufructuary of her property.
Plaintiff also alleges that on May 25, 1978, in Alexandria, Louisiana, she lent defendant $4,000.00 which was to be repaid within a reasonable time. She alleges that defendant has refused to repay the loan after several requests. Plaintiff seeks to recover the alleged $4,000.00.
Plaintiff alleges that defendant was a resident of Texas at the time suit was filed and proceeded under the provisions of the Louisiana Long Arm Statute, LSA-R.S. 13:3201 et seq. The defendant filed a declinatory exception of lack of personal jurisdiction alleging that he was a nonresident being a resident and domiciliary of the State of Texas for more than two years. After a hearing the trial court sustained the exception and dismissed plaintiff's suit. Plaintiff appealed. We reverse and remand.
The issue presented is: Whether the defendant is amenable to the jurisdiction of the district court under the provisions of LSA-R.S. 13:3201 et seq.
The only evidence presented at trial of the exception was the judgment of possession rendered in the Succession of Jacqueline F. Poole. We are relegated to a consideration of this judgment of possession and the allegations of the petition to make our determination of jurisdiction in each of the alleged causes of action. Morrison v. H. B. Mitchell Const. Co., 369 So.2d 1102 (La.App. 1st Cir. 1979).

JURISDICTION OF THE SUIT FOR AN ACCOUNTING
Plaintiff alleges that defendant, as usufructuary of her portion of her deceased mother's community property, owes her an *273 accounting as the usufruct has been terminated by defendant's subsequent marriage. The judgment of possession reflects that a part of the immovable property over which defendant had a usufruct is located in Rapides Parish, Louisiana.
LSA-R.S. 13:3201 reads, in part, as follows:
"A court may exercise jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's

* * * * * *

(e) having an interest in, using, or possessing a real right or immovable property in this state." (Emphasis added.)
In Soileau v. Evangeline Farmer's Coop, 386 So.2d 179, 182 (La.App. 3rd Cir. 1980), this court stated as follows:

"It is well settled that the legislative intent in enacting this statute was to extend personal jurisdiction of Louisiana courts over non-residents to the full limits of due process, i.e., to any non-resident who has `minimum contacts' with this state. Drilling Engineering, Inc. v. Independent Indonesian American Pet. Co., 283 So.2d 687 (La.1973), and Aucoin v. Hanson, 207 So.2d 834 (La.App. 3rd Cir. 1968). This jurisprudence requires a liberal interpretation of LSA-R.S. 13:3201 in favor of finding jurisdiction. Adcock v. Surety Research & Inv. Corp., 344 So.2d 969 (La.1977); Latham v. Ryan, 373 So.2d 242 (La.App. 3rd Cir. 1979).

"The finding of jurisdiction over non-residents involves an evaluation of the factual circumstances of the case in light of federal constitutional principles. In order for the proper exercise of jurisdiction in personam over a non-resident there must be sufficient minimum contacts between the non-resident defendant and the forum state to satisfy due process and `traditional notions of fair play and substantial justice' as required by Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977); International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); and McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). Whether or not a particular defendant has sufficient minimum contacts with a state is to be determined from the facts and circumstances peculiar to each case. Drilling Engineering, Inc. v. Independent Indonesian American Pet. Co., 283 So.2d 687 (La. 1973)."

In the case at hand, the suit for accounting arises out of a usufruct over immovable property that was conferred upon defendant by the judgment of possession emanating from the succession of his deceased wife. The immovable property was located in Rapides Parish, Louisiana. The usufruct, a real right,[1] terminated upon remarriage, which termination gives rise to a cause of action for an accounting. The plaintiff's cause of action clearly arises from the non-resident defendant's "having an interest in, using, or possessing a real right or immovable property." The trial court erred in sustaining the exception of lack of jurisdiction as to this cause of action. The judgment of the trial court will be reversed in this regard.

SUIT FOR THE $4,000.00 DEBT
Plaintiff's petition alleges:

"2.
"That on or about May 25, 1978, plaintiff loaned the sum of Four Thousand ($4,000.00) Dollars to the defendant herein, and the loan transaction took place in the City of Alexandria, Rapides Parish, Louisiana.
"3.
"That no written evidence of the loan was given, but defendant agreed to repay the loan within a reasonable period of time."
On appeal plaintiff contends that the district court has jurisdiction over the defendant *274 for the suit on the loan as such loan amounted to a "transaction of business" in Louisiana, citing LSA-R.S. 13:3201(a), which reads as follows:
"A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's
(a) transacting any business in this state...."
The allegations of the petition clearly reflect that the $4,000.00 loan transaction took place in Alexandria, Rapides Parish, Louisiana. When the defendant effectuated this $4,000.00 loan transaction, such activity amounted to a "transaction of business" in that parish according to the provisions of LSA-R.S. 13:3201(a). Under these circumstances the trial court had jurisdiction over the defendant in this cause of action. The trial court's ruling, in this regard, will also be reversed.
For the reasons assigned, the judgment of the trial court, sustaining the exception of lack of jurisdiction and dismissing the plaintiff's suit, is reversed and set aside. The suit is remanded to the district court for further proceedings according to law and the views expressed herein. Costs of this appeal are to be paid by defendant-appellee.
REVERSED AND REMANDED.
NOTES
[1] LSA-C.C. art. 535 provides:

"Usufruct is a real right of limited duration on the property of another. The features of the right vary with the nature of the things subject to it as consumables or nonconsumables." (Emphasis added.)