426 So.2d 727 (1983)
LOUISIANA BOARD OF TRUSTEES Thru McNEESE STATE UNIVERSITY, Plaintiff-Appellant,
v.
Barbara Nell BRUNO, Defendant-Appellee.
No. 82-451.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1983.
William J. Guste, Atty. Gen. through David G. Sanders, Baton Rouge, for plaintiff-appellant.
Barbara Nell Bruno, in pro. per.
Before GUIDRY, CUTRER and LABORDE, JJ.
CUTRER, Judge.
The issue on appeal is whether the Louisiana Board of Trustees, through McNeese State University, can obtain personal jurisdiction over an absentee, through the "Long Arm" statute, to collect a debt arising from a student loan made to the absentee when she was a student at McNeese State University in Lake Charles, Louisiana.
Barbara Bruno, while attending McNeese State University (University) during 1970-1971, applied for and obtained a student loan from the University for a total sum of $550.00. Barbara executed a note in favor of the University, dated June 3, 1970, which reflects advances being made during the years of 1970 and 1971 totaling $550.00, bearing interest at the annual rate of 3% beginning December 3, 1974. Barbara made payments totaling $97.50, leaving a balance due of $486.45 plus interest.
*728 On May 29, 1979, the Louisiana Board of Trustees, through McNeese State University, brought suit for the balance due plus interest. Barbara, being a resident of the State of Texas, was served by certified mail at an address in Houston, Texas, on June 27, 1979, according to the provisions of our "Long Arm" statute, LSA-R.S. 13:3201. No answer or other pleadings were filed on behalf of Barbara. On May 8, 1980, a preliminary default was entered by the Board of Trustees and the case was presented for confirmation of default on March 29, 1982. Introduced into evidence were the note, an affidavit of G. Desmond Jones, Financial Director of the University, and an affidavit of Elaine Prudhomme, Coordinator of the Collection Section, Civil Division of the Louisiana Department of Justice.
The affidavits reflect the existence of the student loan, payments made by Barbara and the balance due and owing. Barbara attended the University from June 1970 until December 20, 1971. The first quarterly payment was due October 1, 1972. Barbara made installment payments totaling $97.50 leaving the balance due of $486.45 plus interest.
The trial court rendered judgment dismissing the Board of Trustees' suit without prejudice. In his reasons for judgment the trial judge stated as follows:
"Suit is based on an evidence of indebtedness in the nature of a promissory note executed by defendant for student loans while attending McNeese State University during the years 1970 and 1971. Counsel for plaintiff urges that this was `doing business' in the State of Louisiana and consequently jurisdiction is conferred upon this court by virtue of the `Long Arm' statute above cited.
"The court determines that an act of obtaining a loan is not necessarily a `business' transaction. The long arm statute was not intended to attempt to circumvent the requirements for due process of law...."
The Board of Trustees appeals. We reverse.
The issue is whether the student loan, made by Barbara Bruno, was a `business transaction in this State' so as to make Barbara amenable to the jurisdiction of the Calcasieu Parish district court[1] under the "Long Arm" statute, LSA-R.S. 13:3201, which provides, in part, as follows:
"A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's
(a) transacting any business in this state;"
The ruling of the trial court was erroneous in view of this court's recent decision in Heinberg v. Poole, 413 So.2d 271 (La.App. 3rd Cir.1982). In Heinberg, the defendant was a resident of Texas. He consummated a personal loan from his daughter in Alexandria, Louisiana, in the amount of $4,000.00. The daughter brought suit against her absentee father for the indebtedness and served him under the provisions of the "Long Arm" statute. The defendant filed an exception of lack of personal jurisdiction which was sustained by the trial court. In reversing the trial court this court held as follows:
"The allegations of the petition clearly reflect that the $4,000.00 loan transaction took place in Alexandria, Rapides Parish, Louisiana. When the defendant effectuated this $4,000.00 loan transaction, such activity amounted to a `transaction of business' in that parish according to the provisions of LSA-R.S. 13:3201(a). Under these circumstances the trial court had jurisdiction over the defendant in this cause of action...."
The promissory note in this case was executed by Barbara Bruno in Lake Charles, Louisiana, for advances made to her while she was a student at the University. Such loan is the "transaction of business" in Calcasieu Parish, State of Louisiana, making Barbara Bruno amenable to the jurisdiction of the district court under the provisions of LSA-R.S. 13:3201(a). The trial court of Calcasieu Parish had jurisdiction over Barbara *729 Bruno in this cause of action. The trial court's ruling in this regard will be reversed.
For these reasons, the judgment of the trial court is reversed and set aside. Judgment is rendered in favor of the Louisiana Board of Trustees, through McNeese State University, and against Barbara Bruno for the sum of $486.45 plus three percent (3%) interest per annum thereon, beginning December 3, 1974, until paid. All costs of the trial court and for this appeal are assessed to defendant-appellee.
REVERSED AND RENDERED.
NOTES
[1] Fourteenth Judicial District of the State of Louisiana.