GULOTTA, Judge.
Willard James Ortego appeals from the denial of his petition to nullify a default judgment for lack of personal jurisdiction and improper service of process. We affirm.
On August 9,1979, the Administrators of the Tulane Educational Fund (Tulane) filed suit in Orleans Parish against Ortego, a non-resident, for unpaid student loans evidenced by promissory notes executed by him while a Tulane law student in New Orleans during the late 1960’s. On that same day, Tulane’s attorney sent certified copies of the original petition and citation by certified mail to Ortego at the following address:
“Willard James Ortego
Whittier College of Law
5353 West Third Street
Los Angeles, California 90020”
An assistant librarian at Whittier College of Law received and signed for this mailing on August 13, 1979.
Tulane obtained a default judgment against Ortego on December 5, 1979. Thereupon Ortego filed the instant action to nullify the default on the grounds he had never received notice of Tulane’s suit. At the time of service, Ortego, though employed at Whittier College, was temporarily living in Virginia and working in Washington, D.C. On or about August 19, 1979 he returned to Whittier to resume teaching for the fall semester.
Appealing from the trial court’s denial of his “PETITION FOR NULLITY”, Ortego contends the default judgment was void and unenforceable for failure to comply with minimal due process requirements of both the Louisiana and U.S. Constitution, or with the Louisiana Long Arm Statute, LSA-R.S. 13:3201. We disagree.
At the outset, we note that a student loan obtained by a student in Louisiana has been considered by our courts as “transacting business in this state” within the meaning of the Louisiana Long Arm Statute[1] thus making the student, who later moves to another state, amenable to the jurisdiction of Louisiana courts. See La. *1122 Bd. of Trus., McNeese St. Univ. v. Bruno, 426 So.2d 727 (La.App. 3rd Cir.1983). In our case, as in Bruno, the promissory note was executed in this state while the debtor was a student. Furthermore, in both cases, the students received their monies while enrolled in their respective Louisiana universities. The facts in our case are virtually indistinguishable from those of Bruno, and, therfore, we cannot say there was a lack of personal jurisdiction over Ortego.
Turning now to Ortego’s arguments concerning lack of service, we note the requirements for proper service under LSA-R.S. 13:3204[2] were interpreted as follows in Thomas Organ Co. v. Universal Music Co., 261 So.2d 323 (La.App. 1st Cir.1972):
“... all that is necessary to constitute service upon a non-resident under the ‘Long Arm’ statute is that counsel for plaintiff send a certified copy of the citation and of the petition in the suit to the defendant by registered or certified mail (or actually deliver it in person). There is no provision against domicilary service and no requirement for a signed return receipt.”
Furthermore, the court in Thomas Organ Co., supra, concluded that to allow a defendant to defeat service of process by refusing to accept a registered letter or to allow a member of his family to receive it for him ineffectually, would make a mockery of R.S. 13:3204 and render it completely ineffective. In Howard Ave. Realty Corp. v. McIntosh, 352 So.2d 348 (La.App. 4th Cir.1977), writ denied 354 So.2d 1376 (La.1978) we held that valid service had been effected when a fulltime employee, who was designated to pick up the mail, had receipted for the petition and citation addressed to his employer.
In the instant case, Elizabeth Barrett Birnie, the Whittier College librarian who received the petition and citation addressed to Ortego, stated in deposition that one of her duties as an assistant librarian was to receive all mail addressed to the college, its library, faculty members and administrators. Upon receipt of the mail, she would execute the return receipt for an article of certified mail, and after sorting it, deliver the non-library mail to the secretary of the assistant dean for distribution to the proper addressees. According to Ms. Birnie, this was the usual procedure for receipt of mail at the school, and to her knowledge the certified mail addressed to plaintiff and received at the school on August 13, 1983, would have been handled in this manner. Furthermore, plaintiff testified he had indicated Whittier College as his mailing address and in the past had received and responded to certified mail which had been sent to that address. In the absence of contradictory evidence, we cannot conclude that service was improper.
Accordingly, the judgment is affirmed.
AFFIRMED.

. LSA-R.S. 13:3201, provides in pertinent part:
"A court may exercise personal jurisdiction over a non-resident, who acts directly or by an agent, as to a cause of action arising from any of the following activities performed by the non-resident:
(1) Transacting any business in this state;”

. LSA-R.S. 13:3204 provides in pertinent part:
A certified copy of the citation and of the petition in a suit under R.S. 13:3201 shall be sent by counsel for the plaintiff to the defendant by registered or certified mail, or actually delivered to the defendant by an individual designated by the court in which the suit is filed, or by one authorized by the law of the place where the service is made to serve the process of any of its courts of general jurisdiction.
Service of process so made has the same legal force and validity as personal service on the defendant in this State. Added Acts 1964, No. 47, § 3.