485 So.2d 93 (1986)
COURTESY FORD, INC., Plaintiff-Appellee,
v.
Charles WEATHERLY and Helen Weatherly, Defendants-Appellants.
No. 17528-CA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1986.
*94 Rankin, Yeldell, Herring & Katz by Charles E. Herring, Jr., Bastrop, for defendants-appellants.
Hayes, Harkey, Smith & Cascio by Thomas M. Hayes, III, Monroe, for plaintiff-appellee.
Before HALL, FRED W. JONES, Jr. and LINDSAY, JJ.
FRED W. JONES, Jr., Judge.
Defendants appealed a judgment rendered against them in favor of plaintiff corporation for a car repair bill, contending the trial court erred in (1) overruling an exception to personal jurisdiction; (2) admitting parol evidence relative to the repair agreement; and (3) finding that the defendants had agreed to have plaintiff repair their vehicle before accepting it as a "trade-in" on a new car.
For the reasons hereinafter explained, we affirm the judgment of the district court.
Factual Context
In 1982 Charles and Helen Weatherly, residents of Wilmot, Arkansas [located a few miles north of the Louisiana border] purchased from Courtesy Ford, Inc. [a Louisiana corporation domiciled in Morehouse Parish] at its Bastrop dealership, a Mercury automobile. This car was involved in an accident in Louisiana in August 1983. On the way home Mrs. Weatherly stopped by Courtesy Ford and secured a repair estimate which exceeded $4,000. She later got an estimate in Arkansas for $3,116.95.
Subsequently, the Weatherlys decided to acquire a new 1984 Mercury in Louisiana from Courtesy Ford by trading in the 1982 vehicle and paying the balance in cash. A bill of sale was executed showing that a trade-in value of $9,617.90 was assigned to the 1982 car and a cash balance of $5,828.10 was paid by the Weatherlys.
A dispute arose between the parties as to whether there had been a separate agreement for Courtesy Ford to repair the 1982 vehicle for $3,116.95 before accepting it as a trade-in on the 1984 Mercury. When the Weatherlys refused to pay Courtesy Ford this amount, the car dealer filed suit, seeking recovery of the sum in question, against Charles Weatherly [Helen Weatherly was later joined as a defendant] in the Bastrop City Court, alleging personal jurisdiction under the Louisiana Long Arm Statute [La.R.S. 13:3201 et seq.].
Weatherly filed an exception of improper venue, asserting that neither party was *95 domiciled within the territorial jurisdiction of the city court. The defendant consequently filed an exception to personal jurisdiction. Plaintiff responded to the first exception by moving and securing a change of venue of the case to the Fourth Judicial District Court for Morehouse Parish, presumably pursuant to La.C.C.P. Article 121.
A hearing was held in the district court on defendant's exception urging lack of personal jurisdiction and the exception was overruled.
At the merit-trial plaintiff was permitted to offer parol evidence relative to an agreement between the parties [independent of the written bill of sale for the new car] for Courtesy Ford to repair the damaged 1982 automobile for $3,116.95 before accepting it as a trade-in. Judgment was rendered for plaintiff as prayed for, and this appeal by defendants followed.
Exception to Personal Jurisdiction
A party makes a general appearance which subjects him to the jurisdiction of the court and impliedly waives all objections to jurisdiction when, either personally or through counsel, any relief is sought other than dismissal of the action on the ground that the court has no jurisdiction over the defendant. La.C.C.P. Article 7(A)(5). Consequently, when Weatherly filed an exception of improper venue he waived any objection to the personal jurisdiction of the court.
However, even if there had been no waiver, we conclude from the record evidence that the trial court had personal jurisdiction.
La.R.S. 13:3201 provides in part:
A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
* * * * * *
This Long Arm Statute was enacted in response to International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), which announced a very liberal standard for the exercise of personal jurisdiction over a nonresident. Our policy is to interpret the Louisiana act broadly in favor of finding jurisdiction. Stuckey v. Stuckey, 434 So.2d 513 (La.App.2d Cir.1983). The general intent of the statute is to permit the exercise of personal jurisdiction to the full limits of due process in contract as well as tort cases. Southern Investors II v. Commuter Aircraft Corp., 520 F.Supp. 212 (1981).
In order to satisfy due process requirements a nonresident must have certain minimum contacts with this state so that maintenance of the suit does not offend traditional notions of fair play and substantial justice. Adcock v. Surety Research and Investment Corp., 344 So.2d 969 (La.1977).
In Koeniger v. Lentz, 450 So.2d 680 (La. App.4th Cir.1984) it was held that Louisiana courts had personal jurisdiction over nonresidents in a suit on guaranties they executed, notwithstanding that the nonresidents had never been in Louisiana, because they had transacted business within the state by executing the guaranties out of the state and then delivering them to a bank in the state.
A trial court was held to have personal jurisdiction in Heinberg v. Poole, 413 So.2d 271 (La.App.3rd Cir.1982) with respect to a nonresident father who was being sued by his daughter on a debt incurred by the defendant in a loan transaction which took place in Louisiana. Also see Calcote v. Century Indemnity Company, 93 So.2d 271 (La.App.1st Cir.1957), where a nonresident came into this state and purchased timber.
On the other hand, in cases such as Riverland Hardwood Co., Inc. v. Craftsman Hardwood Co., 259 La. 635, 251 So.2d 45 (1971) our courts have treated occasional mail order purchases differently, finding that the purchasers had not submitted themselves to the jurisdiction of Louisiana courts.
*96 In this case the Weatherlys, who lived a short distance from Louisiana, had on two separate occasions come into this state and made purchases of automobiles from a car dealer in a parish adjoining Arkansas. Applying the rationale of the jurisprudence explicated, we find that the defendants not only had sufficient contacts with this state to justify an exercise of personal jurisdiction over them, but that plaintiff's cause of action arose out of a transaction in this state. Therefore, the trial judge properly overruled the exception in question.
Admissibility of Parol Evidence
The defendants argue that the written Vehicle Buyer's Order and the Bill of Sale for the new 1984 Mercury constituted the entire agreement between the parties and that introduction of parol evidence concerning an agreement to repair the trade-in vehicle tended to vary the written contract, in violation of La.C.C. Article 1848.
We do not agree. The value assigned to the trade-in car in the Bill of Sale obviously contemplated that it would be in a repaired condition, yet no mention was made of an agreement relating to the repairs. This leads to the logical conclusion that there was a separate and distinct oral agreement concerning the repairs. Parol evidence was admissible to prove the content of that agreement, and the trial judge was correct in so ruling.
Proof of Repair Agreement
La.C.C. Article 1846 provides in part:
When a writing is not required by law, a contract not reduced to writing, for a price ... in excess of five hundred dollars, the contract must be proved by at least one witness and other corroborating circumstances.
The "credible witness" may be the one seeking to have the debt recognized. Samuels v. Firestone Tire and Rubber Co., 342 So.2d 661 (La.1977). An employee, as representative of the plaintiff, also fulfills the requirement of a credible witness. Floor-N-Wall Distributors, Inc. v. Hirt, 428 So.2d 1103 (La.App. 1st Cir. 1983). The corroborating circumstances need not establish every element of the obligation. Feazel v. Feazel, 471 So.2d 851 (La.App.2d Cir.1985).
In discharge of its burden of proof, plaintiff presented testimony by Nichols, its executive officer, and Brooks, an employee, that verbal agreement concerning the repairs was reached with the Weatherlys when they agreed to purchase the 1984 Mercury. Bains, plaintiff's body shop manager, recalled meeting with Nichols to compare their estimate with that obtained in Arkansas by the defendants. He further recognized the Weatherlys as having been present when he informed Nichols they could perform the repairs for the figure shown on the Arkansas estimate.
The defendants denied ever having agreed to the repair by plaintiff of their damaged automobile, contending that it was traded in on the new car in its damaged condition.
In view of the contradictory testimony on this issue presented by the parties, the trial judge was called upon to assess their credibility. Of course, great weight is accorded to his findings. Here the trial court concluded on the basis of testimony presented by plaintiff, that the parties had orally agreed the defendants would pay to plaintiff $3,116.95 for the repairs of the 1982 Mercury. We cannot say that he was clearly wrong in making this factual determination.
Decree
For the reasons set forth, we affirm the judgment of the district court, at appellants' cost.