517 So.2d 233 (1987)
SEARS, ROEBUCK & COMPANY
v.
Melvin A. BALLARD.
No. 86 CA 1327.
Court of Appeal of Louisiana, First Circuit.
November 10, 1987.
*234 Gregory M. Eaton, Baton Rouge, for plaintiff-appellant, Sears Roebuck & Co.
Ronald A. Seale, Baton Rouge, for defendant-appellee, Melvin A. Ballard.
Before WATKINS, CARTER and CHIASSON[*], JJ.
WATKINS, Judge.
Plaintiff, Sears, Roebuck and Company, brought suit against Melvin A. Ballard, a resident of Katy, Texas, alleging breach of contract. Plaintiff sought personal jurisdiction over the defendant through the Louisiana Long-Arm Statute, LSA-R.S. 13:3201, et seq. Certified mail service was effected on the defendant on March 29, 1986, and a default judgment improvidently entered against him on April 21, 1986. Plaintiff conceded that the default judgment was premature as the defendant had thirty (30) days to answer under the provisions of LSA-R.S. 13:3205.
Defendant filed exceptions of lack of personal jurisdiction and improper service of process. The trial Court sustained the exceptions, finding insufficient contacts to support the claim of personal jurisdiction under the Long-Arm Statute. Plaintiff has appealed that decision. For the reasons hereinafter stated we reverse.
Sears brought this suit to recover $2,532.20, together with 18% interest and 25% attorney's fees, for the non-payment of defendant's Sears charge account # 36 8067 15557 5. It is alleged that the defendant applied and was granted credit in December of 1982. Subsequent to that time numerous purchases and payments were made to the account, the last having been made in April of 1985. Until August of 1985, the defendant was a resident and domiciliary of Baton Rouge, Louisiana, at which time he sold his home in Baton Rouge and moved to Katy, Texas.
This suit was filed March 18, 1986, in Baton Rouge City Court, and subsequently dismissed for lack of personal jurisdiction over the defendant. The lower court found insufficient contacts with the forum state to support the claim of personal jurisdiction.
The following issues are presented for review:
1. Whether the Louisiana Long-Arm Statute, LSA-R.S. 13:3201, confers jurisdiction over a nonresident who at one time was a resident of Louisiana, and made numerous purchases on credit from a Louisiana merchant while a resident.
2. Whether the Louisiana Long-Arm Statute applies to persons who were residents of Louisiana when the cause of action arose, and who became nonresidents *235 subsequent thereto, but prior to suit being filed.
Plaintiff's claim of personal jurisdiction over defendant is based on LSA-R.S. 13:3201(1), which permits the court to exercise personal jurisdiction over a nonresident as to a cause of action arising from the nonresident "transacting any business in this state."[1]
The trial court found the alleged credit transactions of the defendant to be insufficient to constitute transacting business in this state. We disagree. The trial court relied on the long-standing case of Riverland Hardwood Company v. Craftsman Hardwood Lumber Company, 259 La. 635, 251 So.2d 45 (1971), for the proposition that "buying is not traditionally the same as doing business" and that a significant feature dissuasive of personal jurisdiction is the "ultimate consumer" status of the nonresident.
In Riverland, a foreign corporation that was not authorized to do business here and had not appointed an agent for service of process, purchased lumber from a Louisiana seller pursuant to a mailed purchase order. The foreign corporation had previously purchased lumber from two other Louisiana sellers and advertised in publications which were distributed here. Yet, when the Louisiana seller sued for $7,960.92 representing the price of the lumber, the Supreme Court held that our courts had no personal jurisdiction of the foreign purchaser.
The facts of Riverland are distinguishable from the present case in that the defendant in Riverland was at all times a nonresident and had made only one isolated purchase, albeit substantial, from the plaintiff.
The Court in Riverland expressed difficulty in justifying the finding that selling in a foreign state was "transacting business", but that buying in a foreign state was not. Ultimately, the court discussed the differences between the two activities and concluded that buying was not traditionally the same as doing business and that a buyer does not normally contemplate the use of the laws or courts of the seller's state.
This is not the case in the present suit, where numerous purchases were made over a three-year period in the state where the defendant resided. Undoubtedly, the defendant in this case contemplated that the laws of Louisiana would apply to his many credit transactions in this state.
More importantly the court in Riverland pointed out that its ruling would not necessarily apply to all nonresident buyers, stating that "[p]urchases in a state as a regular part of its business, however, might subject a nonresident purchaser to the jurisdiction of courts in the state of the seller." Riverland, supra, 251 So.2d at 46. Thus, concluding that the applicability of the long-arm statute is an issue of fact, the determination of this issue must rest upon the peculiar circumstances of each individual case.
The Long-Arm Statute of Louisiana has repeatedly been held to permit the exercise of in personam jurisdiction to the full limits of due process in both contract and tort cases.[2]American Bank & Trust Company v. Sunbelt Environmental Systems, Inc., 451 So.2d 1111 (La.App. 1st Cir.1984).
*236 A two-part test is to be applied in determining whether in personam jurisdiction would violate due process: "(1) there must be a `minimum contact' from an affirmative act of the defendant, (2) it must be fair and reasonable to require the defendant to come into the state to defend the action." Id. at 1117.
Clearly, the many credit purchases and payments made by the defendant established "minimum contacts" with Louisiana, and he should reasonably have anticipated being haled into a Louisiana court in the event of an alleged default in payment. See, Courtesy Ford, Inc. v. Weatherly, 485 So.2d 93 (La.App. 2d Cir.1986), where the court upheld a finding of jurisdiction over Arkansas defendants when they came to Louisiana on two occasions to purchase automobiles and the Louisiana plaintiff's cause of action arose out of one of the transactions with defendants in Louisiana.
The second argument proposed by defendant is that the long-arm statute does not apply to persons who were residents at the time they were transacting business, and who later became nonresidents prior to the filing of suit. We disagree.
This court has held that "[a] `nonresident' under R.S. 13:3201 includes an individual, domiciled in Louisiana at the time the cause of action arose, who acquires a domicile in another state prior to the filing of suit. R.S. 13:3206, comment (c)." Kachelmyer v. Ames, 335 So.2d 525, 527 (La. App. 1st Cir.1976). See also, Mayeux v. Hughes, 333 So.2d 273 (La.App. 1st Cir. 1976). Therefore, we find that the Louisiana Long-Arm Statute is applicable to the defendant in this case.
For the reasons stated above, the judgment of the trial court is reversed and the proceeding is remanded. Assessment of costs to await final disposition.
REVERSED AND REMANDED.
NOTES
[*] Judge Remy Chiasson, retired, has been assigned temporarily to this Court by the Supreme Court of Louisiana, to fill the vacancy created by the death of Judge John S. Covington.
[1] LSA-R.S. 13-3201, reporters comment (d) reads as follows:

"Transacting business", as used in Subdivision (a), is a term which is much broader than "doing business" as defined by earlier Louisiana cases, and the phrase "does * * * business" of Subdivision (d) conferring personal jurisdiction over a nonresident on a cause of action arising ex delicto or quasi ex delicto. It is intended to mean a single transaction of either interstate or intrastate business, and to be as broad as the phrase "engaged in a business activity" of R.S. 13:3471(1).
[2] LSA-R.S. 13:3201, reporters comment (a) reads as follows:

R.S. 13:3201 through 13:3207 were adopted on the recommendation of the Louisiana State Law Institute to permit the courts of this state to tap the full potential of jurisdiction in personam over nonresidents permitted by International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057 (1945); and McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).