PARRO, J.
L.Steven C. Taylor appeals a judgment finding the court had no jurisdiction over the persons of J. Jesus Arellano and Transport Corporation of America, Inc. (TCA) and dismissing his claims against them. We affirm.
ANALYSIS
This case arises out of a two-vehicle accident that occurred in Michigan. Taylor, a Louisiana resident, was being transported with other prisoners in a cargo van owned by Transcor America and driven by its employee, Glenn Evans, when Evans lost control of the van and collided with an eighteen-wheeler owned by TCA and driven by its employee, Arellano, injuring Tay *57 lor.[1] After being named as defendants in Taylor’s lawsuit, TCA and Arellano objected to the Louisiana court’s personal jurisdiction over them. An affidavit in support of their exception averred that Arellano was and continued to be a Texas resident and had no connection whatsoever with the state of Louisiana. TCA, a Minnesota corporation with its principal place of business in Minnesota, alleged it had no place of business in Louisiana and did not regularly conduct any business here. It had only occasional random contact with Louisiana if one of its drivers happened to pass through the state or, even less frequently, made a delivery in Louisiana. However, neither the TCA vehicle, driver, or shipment when this accident occurred had any connection with Louisiana.
Taylor offered no arguments or evidence to show how the Louisiana court might have acquired personal jurisdiction over Arellano. Therefore, the dismissal of the claim against him is affirmed without further comment from this court.
As to TCA, Taylor opposed the exception, arguing that a federal statute required TCA to appoint an agent for service of process in each state in which it operated, and that the statute thereby provided for personal jurisdiction over motor carriers in states through which they might only traverse occasionally in the course of their business. The federal statute upon which he relies is 49 U.S.C.A. § 13304, which states, in pertinent part:
(a) Designation of agent — A motor carrier or broker providing transportation subject to jurisdiction under chapter 135, ... shall designate [san agent in each State in which it operates by name and post office address on whom process issued by a court with subject matter jurisdiction may be served in an action brought against that carrier or broker. The designation shall be in writing and filed with the Department of Transportation and each State in which the carrier operates may require that an additional designation be filed with it. If a designation under this subsection is not made, service may be made on any agent of the carrier or broker within that State.[2]
Taylor claims TCA was required to designate an agent for service of process in Louisiana, that there was a designated agent, and that service was made on that agent, thereby acquiring jurisdiction over the person of TCA. In the alternative, in the event TCA did not have an agent and service was made on an incorrect agent, Taylor contends TCA cannot, by failing to comply with the statute, avoid the assertion of personal jurisdiction by the courts of this state. Although he contended the Motor Carrier Act obviated the need to determine whether TCA had “minimum contacts” with the state, Taylor also claimed that the affidavit submitted by TCA showed that its contacts with the state sufficed to bring it within the personal jurisdiction of the Louisiana court.
Replying to Taylor’s opposition, TCA submitted documents from the Louisiana Secretary of State, which were referenced in its answers to interrogatories and which showed TCA had not applied for authority to do business in Louisiana and had not appointed an agent for service of process in Louisiana. TCA denied Taylor’s claim that any such agent existed or had been served, and contended, in any event, that such designation or service would not operate as a consent to suit in Louisiana for causes of action arising elsewhere.
*58 Under the express wording of the present Louisiana long-arm statute, LSA-R.S. 13:3201, et seq., the sole inquiry into jurisdiction over a nonresident is an analysis of the constitutional due process requirements. If the assertion of jurisdiction meets the constitutional requirements of due process, the assertion of jurisdiction is authorized under the long-arm statute. The limits of the Louisiana long-arm statute and the limits of constitutional due process are coextensive. Petroleum Helicopters, Inc. v. Avco Corp., 513 So.2d 1188, 1192 (La.1987); A & L Energy, Inc. v. Pegasus Group, 00-3255 (La.6/29/01), 791 So.2d 1266, 1270. A two-part test is to be applied in determining |4whether in personam jurisdiction would violate due process: (1) there must be a “minimum contact” from an affirmative act of the defendant, and (2) it must be fair and reasonable to require the defendant to come into the state to defend the action. Sears, Roebuck & Co. v. Ballard, 517 So.2d 233, 235-36 (La.App. 1st Cir.1987). The minimum contacts prong of the due process analysis may be satisfied if the contacts give rise to specific personal jurisdiction or to general personal jurisdiction. Specific jurisdiction over a defendant occurs when the plaintiffs claim arises out of or relates to the defendant’s contacts with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n. 8, 104 S.Ct. 1868, 1872 n. 8, 80 L.Ed.2d 404 (1984). In the absence of conduct giving rise to specific jurisdiction, general jurisdiction will exist when the defendant has engaged in “systematic and continuous” activities in the forum state. Id. at n. 9. While the distinction between “general” and “specific” jurisdiction provides a useful analytic device, the use of these categories does not eliminate the need to evaluate each assertion of personal jurisdiction in light of traditional notions of fair play and substantial justice. de Reyes v. Marine Management and Consulting, Ltd., 586 So.2d 103, 109 (La. 1991).
We are aware that in a case involving the reach of the Louisiana court’s subpoena power, the supreme court stated in dicta that a principal consequence of designating an agent for service of process is to subject the foreign corporation to jurisdiction in a Louisiana court. See LSA-C.C.P. arts. 6, 1235, 5251(2); Phillips Petroleum Co. v. OKC Ltd. P’ship, 93-1629 (La.4/11/94), 634 So.2d 1186, 1187. The court noted that even if the corporation’s only “presence” is in its designating an agent for service of process, that designation facilitates its being sued in a Louisiana court and exposes it to personal jurisdiction. Id. at 1188. Despite the broad implication of these statements, we note that the issue before the court was not whether such a designation would automatically function as consent to personal jurisdiction in the state for suits arising out-of-state, when the defendant corporation did not have contacts within the state sufficient to satisfy due process. We believe the key words in this discussion by the supreme court were that the designation of an agent “facilitates” such suits and “exposes” the corporation to personal jurisdiction; the court did not address |fithe factual circumstances under which such “exposure” would allow the exercise of such jurisdiction by the Louisiana court, because this was not the issue before it.
Moreover, in Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952), the United States Supreme Court concluded that regardless of the presence of an agent for service of process, the court must still determine on a case-by-case basis whether the amount and kind of activities carried on by the foreign corporation in the state of the forum were sufficient to make it reasonable and just to subject the corporation to per *59 sonal jurisdiction in that state. The court emphasized that the corporate activities of a foreign corporation which, under a state statute, make it necessary for it to secure a license and to designate a statutory agent upon whom process may be served provide a helpful, but not a conclusive test. Perkins, 342 U.S. at 446, 72 S.Ct. at 419. It thereby rejected the argument that the mere presence of an agent for service of process automatically satisfied the requirements of due process.
Accordingly, we are not persuaded by Taylor’s argument, based on the provisions of 49 U.S.C.A. § 13304, that this statute confers personal jurisdiction on any interstate motor carrier in any state through which its trucks might travel, however infrequently. First, as a factual matter, we note that there is no return on service in this record to establish that service was made on TCA through a registered agent or by any other means. Second, Taylor did not establish that TCA has or had a registered agent in this state, pursuant to this or any other statute. On the contrary, TCA’s answers to interrogatories and the documents referenced therein indicate that TCA does not have a registered agent for service of process in Louisiana. Third, and most importantly, even if TCA had such an agent and service was made on that agent, this fact alone would not suffice to establish personal jurisdiction. In Lyons v. Swift Transportation Co., Inc., No. 01-0209, 2001 WL 1153001 (E.D.La.9/26/01), the trucking company defendant had designated an agent for service of process, pursuant to the Motor Carrier Act, and was served through that agent. Yet the court found that under Louisiana law, a minimum contacts analysis was still applicable to the facts of the case. It determined that the plaintiffs cause of action did not arise from any of the trucking company’s actions in the state, so there was no “specific jurisdiction.” In further reviewing the |fifacts to determine if there was “general jurisdiction,” the court noted that the trucking company’s contacts with the state, consisting of occasional travel through Louisiana and deliveries here “from time to time” were not sufficient to subject it to the personal jurisdiction of the Louisiana court. The court stated that the plaintiff “has not shown that Swift trucks regularly travel in or through Louisiana” and “presents no record evidence establishing the volume of business Swift does in Louisiana or the frequency with which Swift’s trucks pass through Louisiana.” Lyons, 2001 WL 1153001 at p. 4. The court concluded:
Accordingly, the Court finds that designating an agent under the Motor Carrier Act, having four employees with Louisiana driver’s licenses, being involved in one accident in Louisiana in the past 30 months, passing through Louisiana and occasionally delivering goods in Louisiana, is insufficient to establish general personal jurisdiction over Swift.
Lyons, 2001 WL 1153001 at p. 5.
The Lyons court also rejected the plaintiffs argument that the defendant trucking company, having registered an agent for service in Louisiana pursuant to the Motor Carrier Act, had thereby consented to suit in Louisiana for suits based on events occurring outside of Louisiana. Citing Fifth Circuit precedent, the court stated that appointment of an agent for service, whether pursuant to a state statute or a federal statute, did not operate as an automatic consent to suits in the state, and that the minimum contacts analysis was still required. Lyons, 2001 WL 1153001 at p. 6-7, citing Wenche Siemer v. Learjet Acquisition Corp., 966 F.2d 179, 183 (5th Cir.1992), cert. denied, 506 U.S. 1080, 113 S.Ct. 1047, 122 L.Ed.2d 356 (1993).
Based on this jurisprudence and the facts of this case, we conclude that the courts of this state did not have personal *60 jurisdiction over TCA, a Minnesota corporation, for the claims alleged in this lawsuit. The accident did not occur in Louisiana; the vehicle was not registered here; and the trip on which the truck was engaged had nothing to do with this state. Under these facts, Taylor’s claim did not arise out of or relate to TCA’s contacts with the state of Louisiana. . Therefore, there was no “specific jurisdiction.” Moreover, the affidavit submitted by TCA in support of its exception established that its contacts with Louisiana were random and occasional, and do not meet the requirement of systematic and continuous contacts in order for | ./‘general jurisdiction” to exist. Therefore, we conclude the district court was legally correct in maintaining the exception, in finding the Louisiana court could not exert personal jurisdiction over TCA, and in dismissing Taylor’s claims against it.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the district court. All costs of this appeal are assessed against Taylor.
AFFIRMED.

. TCA's insurer, Great West Casualty Company, was also named as a defendant.

. This statute is often referred to as the “Motor Carrier Act.”