289 So.2d 271 (1973)
Grace I. SMITH
v.
William Bailey SMITH.
No. 9663.
Court of Appeal of Louisiana, First Circuit.
December 17, 1973.
Rehearing Denied February 15, 1974.
Billy Joe Woods, Longstreet, for appellant.
Robert L. Kleinpeter, Baton Rouge, for appellee.
Before LOTTINGER, BLANCHE and CRAIN, JJ.
LOTTINGER, Judge.
This action was instituted by plaintiff-appellant, Grace I. Smith, to obtain a money judgment for arrearages in alimony and child support due from the defendant-appellee, William Bailey Smith, and to have the judgment made executory. Defendant moved out of the State of Louisiana following his divorce and rendition of the alimony and child support judgment in question in 1958, and he has continued to live out of state. Plaintiff served two of the attorneys who were the counsel of record *272 of the defendant in the original divorce suit, and defendant filed an exception to citation and jurisdiction. The Lower Court sustained the exception to citation and jurisdiction, dismissed plaintiff's suit, and plaintiff filed this appeal.
Plaintiff attempted to get personal jurisdiction over the defendant by personal service on E. Gordon West who had represented the defendant in the original divorce action and also by personal service on Robert L. Kleinpeter, who later represented the defendant. Plaintiff's authority for this service is C.C.P. Art. 1314 which we quote:
"A pleading which is required to be served, but which may not be mailed or delivered under Article 1313, shall be served by the sheriff, either on the adverse party in any manner permitted under Articles 1231 through 1265, or personally on the counsel of record of the adverse party." (Emphasis added).
It is certainly true that a judgment ordering the payment of future alimony is not a final judgment and is always subject to review and change as to future installments in the court which rendered it. Wright v. Wright, 189 La. 539, 179 So. 866 (1938); Miller v. Miller, 207 La. 43, 20 So.2d 419 (1944); Colby v. Colby, 200 La. 321, 7 So.2d 924 (1942). However, the review and change of future installments is not the question before us. Plaintiff is attempting to obtain a money judgment for arrearages in alimony and child support and to have the judgment made executory. Plaintiff attempted previously to do this same thing through the appointment of an attorney-at-law to serve as curator ad hoc. The Lower Court found that it did not have jurisdiction, as did the Court on appeal, which case is reported as Smith v. Smith, 257 So.2d 446 (La.App.1972). In that opinion, this court made the following statement which we quote;
"We are of the opinion that this action by a creditor, the ex-wife, for reducing a debt allegedly owed by a debtor, her ex-husband, to an executory money judgment is not an action incidental to the divorce, even though the debt allegedly due is unpaid alimony. It is not a modification of future obligations under a judgment awarding alimony or custody, et cetera, as a mere continuation of the original proceeding and, even in the cases where an alimony modification was sought and the court's continued jurisdiction over the non-resident person was recognized, it was the debtor, the ex-husband, who was attempting to reduce his obligation to the nonresident creditor, the ex-wife. Carpenter v. Carpenter, 240 So.2d 13 (La.App.2nd Cir. 1970); Dupre v. Guillory, 216 So.2d 327 (La. App.3rd Cir. 1968). We find that The Family Court does not have the required personal jurisdiction over the defendant-appellee for the purpose of rendering an executory money judgment against him."
Since this suit before us is to obtain an executory money judgment which as stated in the preceeding quotation is not an action incidental to the divorce, we can not agree with plaintiff-appellant's position that E. Gordon West and Robert L. Kleinpeter are counsel of record for the defendant. The matter before us is an entirely different matter than the original action for divorce, alimony, and child support. Therefore, the service of process made upon these two former counsel of record is improper.
Plaintiff further urges that defendant subjected himself to the jurisdiction of the Lower Court by praying "that the petition of the plaintiff be dismissed with prejudice and at plaintiff's costs and for such additional relief as the law, equity and nature of the case may permit." It is plaintiff's position that C.C.P. Art. 7 makes defendant subject to the jurisdiction of the court because by the above prayer defendant has appeared and sought relief in a form other than the five items enumerated in C.C.P. Art. 7 which defendant is allowed to assert without subjecting himself *273 to jurisdiction of the court. Plaintiff's interpretation of C.C.P. Art. 7 would be very strict inasmuch as Louisiana attorneys as a general rule use the language used by the defendant in asking for dismissal. Inasmuch as (5) of C.C.P. Art. 7 reads, "Dismissal of the action on the ground that the court has no jurisdiction over the defendant," we do not find the relief asked for by the defendant to be in excess of that required to assert C.C.P. Art. 7(5).
Plaintiff also urges that the exception to citation and jurisdiction filed by the defendant was untimely because plaintiff had entered a judgment by default in accordance with C.C.P. Art. 1701 on January 23, 1973, and the defendant's declinatory exception was not filed until March 8, 1973. Plaintiff points out that C.C.P. Art. 928 requires that the declinatory exception shall be pleaded prior to answer or judgment by default. We have examined the record in this matter from cover to cover and do not find a minute entry of a judgment by default nor do we find a written motion thereof. We can only come to the conclusion that no judgment by default was entered, and plaintiff's argument in this regard will not be considered.
In summary, we find that service of citation on counsel of record in a previous and separate divorce proceeding is insufficient under C.C.P. Art. 1314. We do not find that the defendant subjected himself to the jurisdiction of the court by excepting to the jurisdiction of the court as provided for by C.C.P. Art. 7, and there asking, "that the petition of the plaintiff be dismissed with prejudice and at plaintiff's costs and for such additional relief as the law, equity, and nature of the case may permit."
For the above and foregoing reasons, the judgment of the Lower Court dismissing the petition of plaintiff, Grace I. Smith, is affirmed, all costs, including the costs of this appeal, to be paid by the appellant.
Judgment affirmed.