BLANCHE, Judge.
This suit arises out of an automobile accident which occurred on May 1, 1971, at approximately 5:00 P.M. on Interstate-110 about midway between the Wyandotte Street entrance and the Chippewa Street exit in Baton Rouge, Louisiana. Plain *286 tiffs, Robert L. Johnson and Melta L. Johnson, filed suit against defendants, Oscar Harness, Jr.; Plank Ohm, Inc., Harness’ employer; and The Travelers Insurance Company, the liability insurer of Plank Ohm, Inc. Plaintiff, Melta L. Johnson was driving her 1969 Dodge Charger in a southerly direction on the interstate highway a short distance past a curve when a collision occurred between her vehicle and a 1963 Oldsmobile being driven by defendant, Oscar Harness, Jr., and owned by his employer.
After trial the trial judge rendered judgment for plaintiff, Robert L. Johnson, against all three defendants, in the sum of $1,336.86, and judgment for plaintiff, Mel-ta L. Johnson, against all three defendants in the sum of $3,500. Thereafter, the trial judge granted a motion for new trial and subsequently rendered judgment for plaintiff, Robert L. Johnson, in the sum of $627.56 and for plaintiff, Melta L. Johnson, in the sum of $3,209.30.
From this latter judgment defendants have appealed, and plaintiffs have answered the appeal seeking an increase in the award of damages. We affirm.
Defendants complain on appeal that the trial court erred in finding for the plaintiff and in failing to find plaintiff’s contributory negligence was a proximate cause of the accident and in awarding an excessive sum to the plaintiff for her pain and suffering.
The plaintiffs’ version and the defendants’ version as to how the accident occurred are hopelessly irreconcilable. Plaintiff, Melta L. Johnson, testified that she entered the interstate from the Wyan-dotte Street entrance and was proceeding in the middle lane of the highway when the defendant struck her vehicle from the rear. The defendant and his two witnesses testified that defendant was traveling in the outside lane when the plaintiff, without warning, pulled over in front of him abruptly at a time when he was in such close proximity to her that the ensuing collision was unavoidable.
The trial judge noted the irreconcilability of these respective versions and hinged his opinion on the physical damage to the automobiles involved in the accident. In this connection, he made the following observations concerning the evidence:
“Mrs. Johnson’s vehicle was damaged on the rear and not on the side. Mr. Huckaby said he looked at it and found it to be damaged on the back corner but not extensively on the side.
“Mr. Thomas testified that the damage to the Harness automobile was the right-hand side, near the light, near the edge of the bumper. It was pushed in and indicated to him that it slid around something or that something had slid around it and then the damage proceeded down the side of the car, according to Mr. Harness himself, back towards the door but not as far as the door, simply around the wheels, which indicates to me that the side of that car was damaged. Mr. Harness says that he didn’t get out of that lane. It is inconceivable to the Court that a car at the angle the Johnson vehicle was when it struck the Harness vehicle (he showed me with his hands the degree of angle) could have been damaged in the back half, and the right front side of the Harness vehicle damaged. That evidence as to which parts of the cars were damaged is consistent with the theory of Mrs. Johnson that she was in that lane, that she was struck by a car attempting to go around her to the left. The fact that it hit the back left side of her car is consistent with damage being on that corner of the Harness vehicle and sliding around to the side. The Court on that basis is going to hold that the version of the accident given by Mrs. Johnson is supported by a preponderance of the evidence [and] that the negligence of Mr. Harness was the proximate cause of the ac *287 cident. * * *” (Oral Reasons for Judgment, Record, pp. 163, 164, 165)
It is obvious from the foregoing account of the evidence by the trial judge that he rejected the testimony of defendant and his witnesses for the reason that he could not reconcile their testimony with the physical evidence of the damage to plaintiff’s automobile. We do not find that he committed manifest error in so rejecting their testimony.
Defendants call our attention to the plaintiff’s own testimony that her car was “bent terrible” on the left side. However, a careful reading of her testimony will reflect that the damage to the side of her automobile resulted from the impact to the rear. She, in effect, testified that both sides were “pushed” toward the front, causing the doors to jam and the vinyl top to be bent. Thus, when the trial judge observed that there was no damage to the left side of plaintiff’s car, he apparently meant no physical damage occasioned by impact to the left side.
Defendants contend that the plaintiff is guilty of contributory negligence for the reason that she was traveling at an unreasonably slow rate of speed on the interstate highway, thus creating a dangerous condition by impeding traffic. The trial judge observed that even if plaintiff were, in fact, going too slow for the interstate, there was no evidence to indicate to the court that such a factor was a proximate cause of the accident. He further observed that defendant contended the accident was caused by the plaintiff’s switching from the middle lane to the left lane suddenly, without warning, in front of him, rather than by driving too slowly. Plaintiff first testified that she was traveling at approximately forty-five miles per hour at the time of the accident but later changed her testimony to estimate her speed to be twenty-five to thirty miles per hour. Assuming arguendo that it was established that she was traveling at a speed of twenty-five to thirty miles per hour, it is to be noted that she had just proceeded from a controlled access ramp and was in the process of accelerating. At the point of the collision the speed limit on the interstate highway is fifty miles per hour. Under such circumstances, we do not think that a speed of twenty-five to thirty miles per hour on a fifty-mile per hour highway is such a slow rate of speed as to impede normal and reasonable movement of traffic on the highway. In addition, we do not think that her speed, in fact, created a dangerous condition for the defendant. Therefore, we reject the contention of defendant that plaintiff’s speed was a contributing factor to the accident.
The trial court initially awarded plaintiff damages in the sum of $3,500 for pain and suffering but later, on rehearing, reduced the award to $2,500. The defendant has appealed, contending the award to plaintiff is excessive and plaintiff has answered the appeal contending it is inadequate. As of the date of the accident plaintiff complained of a cervical strain, lumbar strain, contusion of the anterior chest wall and headaches. She was admitted to the hospital as a result of her injuries where she stayed for approximately seven days. During that time she was given physical therapy, including diathermy and traction, for the injuries to her back and neck. She was also given injections of cortisone and Vitamin B-12. By August 6, 1971, she was free of headaches and had a full range of motion in her neck and back without pain or spasm and the doctor discharged her at that time. We are of the opinion that the trial judge carefully considered plaintiff’s injuries, and our review of the cases cited by both counsel convinces us that the award of $2,500 is neither inadequate nor excessive.
For the above and foregoing reasons, the judgment of the trial court is affirmed, at the cost of defendants-appellants.
Affirmed.