359 So.2d 704 (1978)
Tyron JACKSON
v.
BISHOP COLLEGE and Shannon D. Little.
No. 11961.
Court of Appeal of Louisiana, First Circuit.
May 1, 1978.
*705 Teddy Airhart, Jr., Baton Rouge, for plaintiff and appellant.
Louis Gerdes, Jr., New Orleans, for defendant and appellee.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
This is an action to recover damages resulting from an alleged breach of an athletic scholarship. Plaintiff effected service under the Louisiana Long-Arm Statute, LSA-R.S. 13:3201. He appeals from a judgment sustaining an exception to the jurisdiction over the persons of the defendants.
The issue is whether there is jurisdiction over the defendants within the meaning of LSA-R.S. 13:3201(a) and (c).
We reverse.
LSA-R.S. 13:3201(a) and (c) state:
"A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's
(a) transacting any business in this state;
* * * * * *
(c) causing injury or damage by an offense or quasi offense committed through an act or omission in this state;
* * * * * *
There are two inquiries to be made in applying the statute:
1. Is the defendants' particular activity encompassed by the statute; and
2. Is there a violation of due process requirements. Cambre v. St. Paul Fire and Marine Insurance Co., 331 So.2d 585 (La. App. 1st Cir., 1976).
Plaintiff's allegations are that defendant Little, an agent for defendant Bishop College, entered the state, negotiated with plaintiff and executed the scholarship agreement in Louisiana. He states that the defendants misrepresented the facts.
Not every act of an out of state resident while in Louisiana will subject him to the jurisdiction of Louisiana courts.[1] We *706 have been unable to find any case dealing with the precise situation here presented. However, as pointed out in the comments of Louisiana State Law Institute 1964,[2] the statute should be given a broad interpretation. While the solicitation of athletes by colleges is, perhaps, not within the traditional concept of transacting business, nevertheless, it fits within the legal concept.
Wilder v. Wilder, 263 So.2d 730 (La.App. 1st Cir., 1972), held that a "fraudulent misrepresentation" of the value of community property was an offense or quasi offense committed in Louisiana. Plaintiff's petition fails to assert any basis for fraudulent misrepresentation; it, however, not too clearly, alleges facts of untrue misrepresentations made by defendant in this state. As a result of this, he asserts a claim for damages. Thus, having stated a cause of action based on fault under C.C. 2315 that occurred in Louisiana, we find that there was personal jurisdiction over defendant.
Appellees refer to the constitutional question only in passing. We find sufficient contacts to meet the due process requirement of fundamental fair play. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
For these reasons, the judgment dismissing plaintiff's action for lack of personal jurisdiction is reversed. The case is remanded for further proceedings not inconsistent with this decision. Appellees are cast with the costs of this appeal.
REVERSED AND REMANDED.
NOTES
[1] Riverland Hardwood Co. v. Craftsman Hardwood Lumber Co., 259 La. 635, 251 So.2d 45 (1971); Drilling Engineering, Inc. v. Independent Indonesian American Petroleum Co., La., 283 So.2d 687 (1973).
[2] LSA-R.S. 13:3201

"A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from the nonresident's
(a) transacting any business in this state;
* * * * * *
(d) causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state; or * * *"