LANDRY, Judge.
Plaintiff (Appellee) seeks recission of a sale of real property consisting of three acres of land with a small house situated thereon. Appellee urges nullity of the transaction on the grounds that the transfer was a donation in disguise and therefore null because it violates La.C.C. Article 1497 in that it divested donor of all his property and was also void because it violates La.C.C. Article 1533 which prohibits a donor from reserving the usufruct of donated property. Without assigning any reasons for judgment, the trial judge rescinded the sale. Defendant (Appellant) has appealed. We reverse upon finding that the transaction was not a donation but a sale given for serious consideration, in which the vendor reserved the usufruct of the property conveyed.
There is no dispute worthy of mention concerning the facts of the case. Appellant *148 is Appellee’s nephew. On June 30, 1964, Appellee used subject property as collateral for a loan advanced by Livingston State Bank in the sum of $2,000.00, which bank took a mortgage on the property in that amount. On July 18, 1964, Appellee and Appellant executed a sale of the property pursuant to which Appellant assumed the outstanding mortgage of $2,000.00. On February 16, 1965, the sale was revised to grant Appellee and his wife a reservation of a lifetime usufruct to the premises. Since this transfer Appellant has paid the mortgage to the bank, kept the property insured and from time to time has made repairs to the residence. Appellee resided in the house on the property, at the time of sale and continuously since. Subject property was the only property owned by Appellee.
Subject property was valued by an expert appraiser at the sum of $5,400.00 as of the date of sale in 1964. Said appraisal was based on the unencumbered value of the premises with no deduction made for reduction in value resulting from the reservation of usufruct subsequently granted the vendor. From the record, it is clear beyond doubt that the parties intended that the $2,000.00 to be paid by Appellant was intended as the purchase price of the naked ownership only.
At the time this particular transaction took place, a donor could not reserve the usufruct of donated property. La.C.C. Article 1533.
The vendor in a sale, as distinguished from a donor, may, however, validly reserve the usufruct of the thing sold. Martin v. Martin, 129 So.2d 56 (La.App. 3d Cir. 1961).
Also pertinent are the provisions of La. C.C. Article 1497, which provides that a donor may not divest himself of all his property but must reserve to himself enough for his subsistence under penalty of nullity of the entire donation. La.C.C. Article 1497.
Appellee’s contention that the transaction is in reality a disguised donation, is based on La.C.C. Article 2464, which states in part:
“It (the price of the sale) ought not to be out of all proportion with the value of the thing; for instance the sale of a plantation for a dollar could not be considered as a fair sale; it would be considered as a donation disguised.”
We find no merit in the contention that the act is a donation for lack of a serious price. Appellant paid the sum of $2,000.00, plus interest, for real property valued at $5,400.00 without diminution of the price because of the vendor’s reservation of a lifetime usufruct in favor of himself and his wife. Subsequent to the transaction Appellant has paid maintenance costs involved in keeping the property.
A price is deemed serious consideration unless it is entirely disproportionate to the value of the thing sold. Hearon v. Davis, 8 So.2d 787 (La.App. 2d Cir. 1942). A price is serious if equal to only one-half of the value of the thing sold. Brooks v. Broussard, 136 La. 380, 67 So. 65 (1914); Bertucci v. Bertucci, 224 La. 364, 69 So.2d 502 (1953).
Appellee failed to provide an appraisal of the naked ownership of subject property. We judicially note, however, that such value would be somewhat less than the unencumbered value of the property as reflected by the record. We conclude that the consideration paid was serious; that the act was a sale and not a donation in disguise and consequently neither La.C.C. Article 1533 nor La.C.C. Article 1497 are applicable herein. We also find the transaction is a valid sale.
It is ordered, adjudged and decreed that the judgment of the trial judge be and the same is hereby annulled, reversed and set aside and judgment rendered herein decreeing and recognizing Appellant, Calep Turner, to be the owner of the following described property, subject to the usufruct reserved by vendor Joe Dixon in favor of himself and his wife:
A certain three acre tract of land situated in the town of Walker, in Section 25, T6S, R3E, the said tract of land to begin *149 at the Northwest corner of the Dan Stewart tract and run South on the West line of Dan Stewart tract to corner on the Northeast corner of Arnold tract; thence West on the North line of Arnold tract 3 acres and corner; thence North one acre and corner; thence East to the Northwest corner of Dan Stewart tract to place of beginning. Bounded on the North and West by Peak, East by Dan Stewart, South by Old Arnold Acre and Peak.
It is further ordered, adjudged and decreed that all costs of these proceedings be paid by plaintiff, Joe Dixon.
Reversed and rendered.