484 So.2d 269 (1986)
Donna M. ALLEN, Plaintiff-Appellee,
v.
James P. ALLEN, Defendant-Appellant.
No. 84-1147.
Court of Appeal of Louisiana, Third Circuit.
March 5, 1986.
Writ Denied May 12, 1986.
Brent S. Gore, Ferriday, for defendant-appellant.
*270 Daniel W. Richey, Vidalia, for plaintiff-appellee.
Before GUIDRY, LABORDE and KNOLL, JJ.
LABORDE, Judge.
Donna M. Allen, plaintiff-appellee, filed a post-divorce petition to partition community property. The property, she maintains, includes a share of the military retirement pay of her ex-husband, James P. Allen, defendant-appellant. The trial court awarded Donna 45.68% of all of James's future retirement benefits, plus $5,603.86 in arrearages. We affirm.

FACTS
On September 17, 1952, James P. Allen (James) enlisted in the military. He and his wife, Donna, were married June 19, 1954, in Washington, D.C. Their address of record during the period of James's military service was in the state of Maryland. There is no other indication in the record that Maryland either was or was not the state of their marital domicile. James retired from military service on February 1, 1973. Both parties moved to Louisiana in 1977, where they continued living together as man and wife. On November 4, 1981, James moved, alone, to Mississippi. On February 10, 1982, Donna sued for a divorce from James in the Seventh Judicial District Court, Parish of Concordia, Louisiana. James filed an answer to the divorce petition. The divorce was granted.
Donna next petitioned the district court for a partition of community property, claiming that the former community consisted in part of James's military retirement income. James excepted to the district court's jurisdiction to order distributions of military retirement pay, and also to the district court's jurisdiction over his person. The exceptions were overruled, and Donna was awarded 45.68% of James's future retirement pay, plus $5,603.86 in arrearages.
On appeal, James alleges that: 1) the district court improperly overruled his exceptions to its jurisdiction; and 2) Donna is entitled to no part of James's retirement pay, for Louisiana's community property laws are inapplicable to military retirement plans.

SUBJECT MATTER JURISDICTION
Before the property was partitioned, the Congress of the United States, on September 8, 1982, adopted the Uniformed Services Former Spouses' Protection Law (USFSPL), Public Law 97-252, now codified in 10 U.S.C. sec. 1408, providing in Section (c)(1):
"[A] court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member, or as property of the member and his spouse in accordance with the law of the jurisdiction of such court."
We have recently stated that Congress, in passing the USFSPL, intended to obliterate the adverse effect of a United States Supreme Court decision (McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981)) which had held that federal law precludes a state court from dividing military nondisability retirement pay pursuant to state law. Menard v. Menard, 460 So.2d 751 (La.App. 3rd Cir.1984). The Act was thus given effect retroactive to the date of the aforementioned Supreme Court decision, a date before which our courts recognized that military retirement pay must be classified as community property when acquired during the community. Swope v. Mitchell, 324 So.2d 461 (La.App. 3rd Cir.1975).
The application of the USFSPL is limited to courts with jurisdiction over the military service member. 10 U.S.C. sec. 1408(c)(4) provides:
"A court may not treat the disposable retired or retainer pay of a member in the manner described in paragraph (1) unless the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the *271 court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court."
Thus, in order for Louisiana to apply its law of matrimonial regimes to military pensions, the service member must be a Louisiana domiciliary, a Louisiana resident, apart from military assignment, or the member must have consented to the Louisiana court's exercise of jurisdiction.
10 U.S.C. sec. 1408(c)(4)(C) does not require express consent. A military spouse can give implied consent to a state court's jurisdiction by making a general appearance, waiving all jurisdictional objections under LSA-C.C.P. arts. 6(3) and 7. Gowins v. Gowins, 466 So.2d 32 (La.1985). James answered the divorce petition, thereby waiving all jurisdictional objections. This same waiver gave Louisiana jurisdiction over all matters incidental to dissolution of the marriage. Gowins, supra, at 37. The requirements of 10 U.S.C. sec. 1408(c)(4)(C) are satisfied, and James's exception to subject matter jurisdiction was properly overruled.

PERSONAL JURISDICTION
James has been domiciled in Mississippi since 1981. By answering the divorce petition, James submitted to the jurisdiction of the district court over his person. La.C.C.P. art. 7. It was therefore within the power of the state to bind him by every subsequent order in the cause. Imperial v. Hardy, 302 So.2d 5 (La.1974). The exception to in personam jurisdiction was, therefore, properly overruled.

DISTRIBUTION OF BENEFITS
Appellant next contends that his military retirement benefits belong to his separate estate because they accrued in Maryland, which is not a community property state. Appellee answers that, should Maryland law control, its "equitable distribution" scheme gives us the discretion to distribute the retirement benefits as did the trial judge.[1] The difficulty of this case is that the record does not enable us to answer either of the two arguments. It is not at all clear whether the benefits accrued in Maryland. Nor is it clear whether Maryland courts would, under these circumstances, apportion the benefits under an equitable distribution scheme.
Rights to retirement benefits accrue continuously throughout the husband's period of service, and the wife's entitlement to those benefits should be determined under the law of the states in which the parties were domiciled for the respective periods during which retirement benefits accrued. Menard, supra. But we have also held that unless the law of a sister state upon which a party (in this case, the appellant) relies is placed in evidence, then it is presumed that such law is the same as that of Louisiana. Robertson v. Jimmy Walker Chrysler-Plymouth, 368 So.2d 747 (La.App. 3rd Cir.), writs denied, 371 So.2d 833 and 834 (La.1979); Jagers v. Royal Indemnity Company, 257 So.2d 806 (La.App. 3rd Cir.1972), aff'd, 276 So.2d 309 (La.1973). Convincing proof of Maryland substantive law on this issue is not in evidence. We will therefore presume that Maryland law and Louisiana law are the same. The trial judge made the same presumption in calculating Donna's award. We therefore find no error in his ruling.
For the above and foregoing reasons, the judgment of the district court is affirmed. Costs on appeal are taxed to the appellant.
AFFIRMED.
GUIDRY, J., concurs.
NOTES
[1] The formula used was based on a fraction, the numerator of which is the number of years the parties were married while James was in the military, and the denominator of which is the total number of years James was in the military. This fraction (91.36%) of James's benefits was labeled community property, one-half of which (45.68%) was ordered payable to Donna. Where all retirement benefits are shown to have accrued in a community property state, we approve of such a formula. See Thrash v. Thrash, 387 So.2d 21 (La.App. 3rd Cir.), writ denied, 393 So.2d 745 (La.1980); Menard v. Menard, 460 So.2d 751 (La.App. 3rd Cir.1984).