521 So.2d 668 (1988)
Lynn Webb BUMGARDNER
v.
Ronald E. BUMGARDNER.
No. 86 CA 1271.
Court of Appeal of Louisiana, First Circuit.
February 23, 1988.
Writ Denied April 22, 1988.
William H. Forman, Jr., New Orleans, for plaintiff-appellant.
Timothy Barbier, Napoleonville, for defendant-appellee.
Before WATKINS, CARTER and FOIL, JJ.
CARTER, Judge.
This is an appeal from the trial court's maintaining an exception raising the objection of lack of personal jurisdiction over the defendant, Ronald E. Bumgardner.

FACTS
Plaintiff, Lynn Webb Bumgardner, and defendant were married in Rockville, Maryland, on April 22, 1960. Shortly thereafter, defendant enlisted in the United States Navy, and the couple resided in several different states during the next ten-year period. Defendant retired from the Navy on April 30, 1980. In June, 1980, defendant transferred to Louisiana and resided in Assumption Parish. Plaintiff did not accompany defendant to Louisiana. Thereafter, defendant instituted a divorce proceeding in the Twenty-Third Judicial District Court, Assumption Parish, Louisiana, *669 and a judgment of divorce was granted on January 25, 1982. As per the divorce judgment, any settlement concerning the division of community property was relegated to further proceedings.
On August 27, 1985, plaintiff filed a "Petition For Community Property," in Assumption Parish, initially claiming that, pursuant to LSA-C.C. arts. 2338 and 2339, any property acquired during their marriage was community property. More importantly, plaintiff alleged that according to The Uniformed Services Former Spouses' Protection Act, 10 U.S.C.A. 1408, she was entitled to up to fifty percent of the disposable retired pay of the defendant. At the time suit was filed, plaintiff was residing in Vacaville, California. In her petition, she alleged that defendant was residing in Bay City, Texas.
On November 21, 1985, defendant filed a declinatory exception raising the objection of the court's lack of personal jurisdiction over him, as he was not domiciled nor residing in Louisiana at the time suit was filed. Thereafter, on March 31, 1986, the trial court maintained the exception and dismissed plaintiff's suit. It is from this judgment that plaintiff now appeals, raising the following issue for review:
"Was the trial court in error for rendering judgment on the exception in favor of the defendant, Mr. Bumgardner?"
Plaintiff contends that in the case of Gowins v. Gowins, 466 So.2d 32 (La.1985), the Supreme Court determined that Louisiana had personal jurisdiction over the defendant, Mr. Gowins, on the basis of his consent to the jurisdiction of the court and that an identical finding in the instant case is warranted.
In the Gowins case, Mr. and Mrs. Gowins were married in Rapides Parish, Louisiana in 1962. In 1964, Mr. Gowins was commissioned into the United States Air Force, and sometime thereafter, the couple moved to South Dakota. In 1979, Mrs. Gowins returned to Louisiana from South Dakota.
In July 1979, Mrs. Gowins filed a petition for separation in Rapides Parish, Louisiana. Mr. Gowins answered the petition and reconvened. Subsequent to several rules filed by Mr. Gowins, in 1980, Mrs. Gowins filed an amending petition asking for a final divorce; Mr. Gowins answered the divorce petition. Later that year, Mrs. Gowins was granted a final divorce.
In 1982, Mr. Gowins filed a petition for a reduction in child support in Rapides Parish, alleging that he was a Louisiana domiciliary residing in Alabama. The reduction was denied. Finally, in 1984, Mrs. Gowins filed a petition for partition of the military retirement pay, alleging Mr. Gowins to be a resident of Alabama and a former domiciliary of Louisiana. Mr. Gowins filed an exception raising the objection of the Louisiana court's lack of personal jurisdiction over him.
The Supreme Court granted writs on the issue: "Does Louisiana have personal jurisdiction over Col. Gowins in an action to partition his military retirement pay?" The court's interpretation of the law in accordance with the Uniformed Services Former Spouses' Protection Act was as follows:

McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981) held that federal law precluded the application of state law to divide military retirement benefits. Before McCarty, Louisiana courts had held that military pensions were an asset of the community of acquets and gains which could be divided upon dissolution of the marriage. Swope v. Mitchell, 324 So.2d 461 (La.App. 3 Cir.1975); Moon v. Moon, 345 So.2d 168 (La.App. 3 Cir.1977), writ den. 347 So.2d 250. After McCarty, Louisiana courts had no authority to order the division of military retirement benefits. Dedon v. Dedon, 404 So.2d 904 (La., 1981).
In 1982 Congress enacted the Uniformed Services Former Spouses' Protection Act (USFSPA), 10 U.S.C.A. § 1408 to overrule McCarty. Under 10 U.S.C.A. § 1408(c)(1), the states may apply their own marital property laws to military retired pay.

. . . . .
*670 The application of USFSPA is limited to courts with jurisdiction over the military service member. 10 U.S.C.A. § 1408(c)(4) provides:
`A court may not treat the disposable retired or retainer pay of a member in the manner described in paragraph (1) unless the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court.'
Thus, in order for Louisiana to apply its law on matrimonial regimes to military pensions, the service member must be a Louisiana domiciliary, a Louisiana resident, apart from military assignment, or the member must have consented to the Louisiana court's exercise of jurisdiction. (footnotes omitted) [466 So.2d at 34]
In the instant case, at the hearing of the exception, defendant testified that he did not live in Louisiana at the time of filing of the suit, nor did he ever intend to return to Louisiana. Upon moving to Texas, he intended to remain a resident indefinitely. Thus, defendant carried his burden in proving he was neither a resident nor a domiciliary of Louisiana, and was domiciled in Texas. Thus the question before the trial court was whether defendant had consented to the Louisiana court's jurisdiction. Defendant denied any consent on his part. Plaintiff, however, alleged that defendant consented to the Louisiana court's jurisdiction by filing for divorce in Assumption Parish and that the consent continued into matters incidental to the divorce, i.e. partition of the community property.
In Gowins, supra, the court addressed the consent argument as follows:
[A]s the trial court held, Col. Gowins consented to Louisiana jurisdiction over the dissolution of his marriage and that consent continues to have effect over all incidental matters. There is no express stipulation giving consent to the exercise of jurisdiction by a Louisiana court.... However, consent is implicit in the history of these proceedings.
10 U.S.C.A. § 1408(c)(4)(C) does not require express consent. A military spouse can give implied consent to a state court's jurisdiction by making a general appearance, waiving all jurisdictional objections under LSA-C.C.P. arts. 6(3) and 7. Louisiana had personal jurisdiction over Col. Gowins for the purpose of adjudicating the custody of his three children and his obligation to pay child support. Louisiana also had personal jurisdiction over him under LSA-C.C.P. art. 6(3) in the divorce action since he answered Mrs. Gowins divorce petition.
* * * * * *
Louisiana had personal jurisdiction over Col. Gowins by virtue of his active participation in the Rapides Parish proceedings; he impliedly consented to Louisiana's assertion of jurisdiction. Louisiana had personal jurisdiction on the basis of consent, which continued to give Louisiana jurisdiction over all matters incidental to dissolution of the marriage. Partition of the community is such an incidental matter. See LSA-C.C.P. art. 82. [Cites and footnotes omitted] [466 So.2d at 36, 37]
See also Imperial v. Hardy, 302 So.2d 5 (La.1974).
In the instant case, defendant began the divorce proceedings in Assumption Parish and was granted the divorce in that parish. Furthermore, the divorce judgment designated that the community property be relegated to further proceedings. Louisiana had personal jurisdiction over defendant by virtue of his active participation in obtaining the divorce in Assumption Parish. The personal jurisdiction over defendant on the basis of his implied consent continued to give Louisiana jurisdiction over all matters incidental to his divorce. The action for partition of the community, i.e. the division of the military pension, is an incidental matter to divorce. The trial court erred in granting the exception based on a lack of personal jurisdiction over the defendant.
For the foregoing reasons, the judgment of the trial court is reversed at defendant's *671 costs. The matter is remanded for further proceedings.
REVERSED AND REMANDED.