543 So.2d 126 (1989)
Nina Petifer WHITE, Plaintiff/Appellee,
v.
Thomas Michael WHITE, Defendant/Appellant.
No. 20465-CA.
Court of Appeal of Louisiana, Second Circuit.
May 10, 1989.
Love, Rigby, Dehan, Love & McDaniel by Truly W. McDaniel, Shreveport, for defendant/appellant.
Keene, Auer & Antee by Kenneth R. Antee, Jr., W. Charles Brown, Bossier City, for plaintiff/appellee.
Before HALL, C.J., and MARVIN and HIGHTOWER, JJ.
HALL, Chief Judge.
In this action for the supplemental partition of community property the primary issue to be decided on appeal is whether a Louisiana district court has continuing jurisdiction over a foreign domiciliary, who previously submitted himself to the court's jurisdiction through separation and divorce proceedings, to render a judgment which both apportions future military retirement benefits and awards a sum of money for benefits payable prior to trial. Finding *127 that the court had continuing jurisdiction, we affirm the judgment below.
In March of 1975, plaintiff, Nina Petifer White and defendant, Thomas Michael White, were granted a legal separation in Bossier Parish. Later that month they executed two separate community property settlement agreements neither of which included defendant's Air Force retirement benefits. On July 20, 1976, defendant was granted a divorce in Bossier Parish. Defendant retired from the Air Force in 1982, and he has been domiciled in California since 1978.
On June 11, 1986, plaintiff filed a petition seeking the supplemental partition of defendant's military retirement benefits which were not included in the earlier community property settlement agreements. She further prayed for a judgment recognizing her as the owner of property located in Bossier Parish and for a judgment ordering that property located in the State of Florida be partitioned by licitation. The petition was initially served on Leon Pliner, the attorney who represented defendant during the divorce proceedings. Pliner filed declinatory exceptions of insufficiency and improper service of citation and service of process, improper venue, and lack of jurisdiction. The trial court sustained the exceptions.
Plaintiff subsequently filed a supplemental and amending petition which contained the same demands as the original petition, and defendant was served pursuant to LSA-R.S. 13:3201-3204, the Louisiana Long Arm Statute. Defendant filed another declinatory exception which was overruled. The trial court determined that since it had obtained jurisdiction in the original marriage dissolution proceedings it continued to have jurisdiction to further partition the community property. Pursuant to the stipulations of the parties, the trial court rendered judgment recognizing plaintiff as the owner of 26.415% of defendant's military retirement benefits, ordering defendant to pay plaintiff 26.415% of his future military retirement benefits each month, ordering defendant to pay plaintiff $5,000 for military retirement benefits payable prior to trial date with legal interest, ordering defendant to transfer his interest in the property in Bossier Parish to plaintiff subject to certain conditions, and recognizing plaintiff's one-half interest in the property located in Florida. The judgment also recognized that defendant reserved his right to appeal the portion of the judgment which awarded $5,000 for past due military retirement benefits. It is from this money judgment that defendant appeals.
Defendant concedes that the trial court had personal jurisdiction over him in the initial separation and divorce proceedings in Bossier Parish. He also states that Louisiana law is clear that when a foreign domiciliary has previously participated and submitted himself to the court's jurisdiction in the original proceedings to dissolve the marriage the court retains jurisdiction over him to partition his military retirement benefits. He contends that while the court retains jurisdiction to further apportion community property its jurisdiction should not be extended to a cause of action for a money judgment, the past due military retirement benefits, accruing after the change of domicile from the State of Louisiana. He relies upon Smith v. Smith, 289 So.2d 271 (La.App. 1st Cir.1973) for the proposition that a proceeding for past due child support and alimony is an action for a money judgment which is not incidental to the original marriage dissolution proceedings and to which the doctrine of continuing jurisdiction does not apply. He contends that if the Smith rationale applies the trial court did not have jurisdiction to render the judgment for past due military retirement benefits.
In order for Louisiana to apply its law on matrimonial regimes to military pensions, the service member must be a Louisiana domiciliary, a Louisiana resident, apart from military assignment, or the member must have consented to the Louisiana court's exercise of jurisdiction. 10 U.S.C. § 1408(c)(4); Gowins v. Gowins, 466 So.2d 32 (La.1985); Bumgardner v. Bumgardner, 521 So.2d 668 (La.App. 1st Cir. 1988), writ denied 523 So.2d 236 (La.1988); Stevens v. Stevens, 476 So.2d 883 (La.App. *128 2d Cir.1985), writ denied 478 So.2d 908 (La. 1985). 10 U.S.C. § 1408(c)(4) does not require express consent. A military spouse can give implied consent to a state court's jurisdiction by making a general appearance, waiving all jurisdictional objections under LSA-C.C.P. Arts. 6(3) and 7. Once a trial court obtains jurisdiction in a divorce or separation proceeding it retains jurisdiction over any incidental matters connected with the original proceeding. Gowins v. Gowins, supra; Imperial v. Hardy, 302 So.2d 5 (La.1974); Allen v. Allen, 484 So. 2d 269 (La.App. 3d Cir.1986); Stevens v. Stevens, supra. A proceeding to partition the community property arises out of and is an essential concomittant of the original proceedings. Therefore, when a court obtains personal jurisdiction over a party in a divorce or separation proceeding, that jurisdiction continues for any ancillary proceeding to distribute the community property, since the latter action is within the scope of the jurisdiction originally conferred. Gowins v. Gowins, supra; Bumgardner v. Bumgardner, supra; Little v. Little, 513 So.2d 464 (La.App. 2d Cir.1987); Stevens v. Stevens, supra.
The trial court obtained personal jurisdiction over defendant in the initial separation and divorce proceedings. It was therefore within the power of the court to bind him by every subsequent order in the cause which includes partition of community property and an order to pay a specific sum for past due military retirement benefits rendered in connection with the partition. Imperial v. Hardy, supra; Allen v. Allen, supra. Defendant's reliance on Smith is misplaced. Smith has been effectively overruled by Imperial v. Hardy and subsequent decisions. See Collins v. Collins, 356 So.2d 455 (La.App. 1st Cir.1977); Heaton v. Garvin, 314 So.2d 363 (La.App. 3d Cir.1975).
Furthermore, Smith was an action for arrearages in alimony and child support. The instant action is one for the partition of community property, and the trial court has authority in effecting the partition to both partition community property and to render a money judgment against the co-owner spouse who owes reimbursement for past due military retirement benefits upon termination of the matrimonial regime. LSA-C.C. Arts. 2356 et seq.; LSA-R.S. 9:2801; Little v. Little, supra; Allen v. Allen, supra; Savoie v. Savoie, 482 So.2d 23 (La.App. 5th Cir.1986).
Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendant.
Affirmed.